

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABINE SCHUDEL and RAMON TOLEDO,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>SEARCHGUY.COM, INC., *et. al.*,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 07cv0695 BEN (BLM)<br><br>**ORDER STRIKING DEFENDANT BIBIYAN'S ANSWER AND COUNTERCLAIMS AND ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT BIBIYAN** |

## INTRODUCTION

Based on Defendant Thomas Bibiyan's violation of numerous orders of this Court, the Federal Rules of Civil Procedure, and the Local Rules of this Court, the Court strikes Defendant Bibiyan's Answer and Counterclaims and orders that default judgment be entered against him.

## BACKGROUND

Defendant Bibiyan's refusal to comply with this Court's orders dates back years. On August 21, 2008, following Plaintiffs' motion to compel, the Court ordered Defendant Bibiyan to fully respond to interrogatories or risk the striking of his answer and entry of default judgment. Dkt. No. 44. After further briefing, the Court imposed sanctions against Bibiyan for his delayed and evasive interrogatory responses. Dkt. No. 76. Bibiyan did not pay that sanction. Dkt. No. 78.

//

1    Following a settlement conference, Bibiyan was ordered to appear for deposition at
2  Plaintiff counsel's office on January 29, 2009 at 9:30 a.m. and to provide all outstanding discovery,
3  including, but not limited to, the supplementation required by the Court's August 21, 2008 and
4  December 16, 2008 orders that Bibiyan still had not provided. Dkt. No. 82. Bibiyan was warned
5  again, that his failure to comply could result in further sanctions, including striking his answer and
6  entering default judgment against him pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).
7  He did not appear for his deposition.
8    The parties were required to meet in advance of the pretrial conference to arrive at
9  stipulations and agreements and confer regarding the content of the pretrial order pursuant to Civil
10 Local Rule 16.1(f)(4); *see also* FED. R. CIV. P. 16. Additionally, Bibiyan was required to
11 "communicate promptly with plaintiff's attorney concerning any objections to form or content of
12 the pretrial order," allowing Plaintiffs' counsel to lodge the resulting pretrial order with the Court
13 by April 19, 2010. Civil Local Rule 16.1(f)(6); Dkt. No. 119 (order setting deadlines for the filing
14 of memorandum of contentions of law and fact and lodging of the pretrial order). Despite the
15 requirements and the Court's order, a letter from Plaintiffs' counsel, and emails from Plaintiffs'
16 counsel to set up the meeting and obtain Bibiyan's approval or objections to the pretrial order,
17 Bibiyan failed to meet with or even communicate with Plaintiffs' counsel concerning the pretrial
18 requirement
19    On April 26, 2010, the parties, including Defendant Bibiyan, appeared for the pretrial
20 conference in this case. The Court was informed that Bibiyan still had not appeared for his
21 deposition and that Bibiyan had not complied with the Court's prior orders concerning discovery.
22 The Court ordered Bibiyan to appear for his deposition in Courtroom 3 on May 4, 2010 at 9:30
23 a.m. and to produce specific discovery. Dkt. No. 135. Bibiyan was also specifically ordered to
24 participate in a pretrial conference with Plaintiffs' counsel following his deposition. *Id.* At the
25 hearing, the Court again cautioned Bibiyan that his failure to comply with the Court's order would
26 result in sanctions.
27    On May 4, 2010, Bibiyan failed to appear for his deposition, produce any of the discovery
28 ordered produced, or participate in the pretrial conference with Plaintiffs' counsel.

## DISCUSSION

Bibiyan has demonstrated an ongoing and willful refusal to comply with Court orders and a complete disregard for local rules despite prior sanctions and numerous warnings that his failure to comply could result in the entry of default against him. "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (citing *Chambers v. NASCO*, 501 U.S. 32, 43-44 (1991)). "As a function of this power, courts can dismiss cases in their entirety" in addition to other possible sanctions. *Id.* (citing *Chambers*, 501 U.S. at 44-45). In addition to this inherent power, the Court may also impose sanctions authorized by the Federal Rules. *Id.* (noting that imposition of sanctions pursuant to federal rules or statutes is preferable).

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery," the Court may "strike pleadings in whole or in part" and "render[] a default judgment against the disobedient party."[1] As outlined above, Bibiyan failed to comply with numerous written orders from the Court to appear for his deposition and produce discovery. This was the case, even after being sanctioned for such conduct and being ordered by the Court at the April 26, 2010 to appear for his deposition. Dkt. Nos. 44, 76, 82, 135. Bibiyan did not appear.

Federal Rule of Civil Procedure 16(f) provides that the Court may on motion or on its own issue any sanction authorized by Rule 37(b)(2)(A)(ii)-(vii), outlined above, if a party "is substantially unprepared to participate–or does not participate in good faith–in the conference" or "fails to obey a scheduling or other pretrial order." Additionally, consistent with Rule 16(f), Civil Local Rule 16.1(f)(8) provides that a party's failure "to complete the necessary preparations [for the pretrial conference] . . . may be considered an abandonment or failure to . . . defend diligently, and judgment may be entered against the defaulting party . . . on the entire case." As outlined above, Bibiyan was completely unprepared to participate in the pretrial process, failed to comply with the requirements of Civil Local Rule 16.1(f), despite being notified of his obligations, and

---

[1] The Court notes that Bibiyan was apprised of possible sanctions under Rule 37 and the possible imposition of default judgment against him in numerous orders from the Court and at the April 26, 2010 hearing. Dkt. Nos. 44, 76, 82.

failed to comply with the Court's scheduling order concerning pretrial preparation. Dkt. No. 111. Even after the Court afforded Bibiyan an opportunity to comply with the pretrial requirements and Court order by appearing on May 4, 2010 and participating in a pretrial conference with Plaintiffs' counsel, Bibiyan did not appear.

## CONCLUSION

Bibiyan has defied multiple orders of the Court over the course of this litigation and been warned numerous times, by written order and in Court, that his continued violation of the Court's orders would result in an entry of default against him. Accordingly, based on his willful disregard of the Court's orders, the court orders Bibiyan's Answer and Counterclaims stricken and default judgment entered against him. The Court grants Plaintiffs leave to file a motion to prove damages on or before June 11, 2010.

**IT IS SO ORDERED.**

DATED: May /2, 2010

Hon. Roger T. Benitez
United States District Judge