UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABINE SCHUDEL and RAMON TOLEDO,<br><br>    Plaintiffs,<br>v.<br>SEARCHGUY.COM, INC., et al.,<br><br>    Defendants. | Case No. 07cv695-BEN (BLM)<br><br>**ORDER DENYING DEFENDANT THOMAS BIBIYAN'S *EX PARTE* APPLICATION TO STAY JUDGMENT-DEBTOR EXAMINATION**<br><br>[ECF No. 182] |

On April 17, 2007, Plaintiffs filed a complaint against Defendants Thomas Bibiyan ("Bibiyan") and several of Bibiyan's business entities ("Entity Defendants") for, *inter alia*, securities fraud and breach of contract. ECF No. 1. On August 9, 2010, District Judge Roger T. Benitez issued an order granting default judgment against Bibiyan and the Entity Defendants, and awarding Plaintiffs approximately $12 million in damages and attorney fees.[1] ECF Nos. 143 and 150. Bibiyan and the Entity Defendants failed to satisfy the judgment and Bibiyan subsequently was ordered to appear for a judgment-debtor examination on October 9, 2013 before Magistrate Judge Bernard G. Skomal. ECF No. 177. Bibiyan failed to appear on October 9, 2013 and instead filed an *ex parte* application to stay the examination. ECF No. 182. Bibiyan argues that a criminal

---

[1] Judge Benitez's ruling was based in part on Bibiyan's "ongoing and willful refusal to comply with Court orders and a complete disregard for local rules despite prior sanctions and numerous warnings that his failure to comply could result in the entry of default against him" and the Entity Defendants' failure to retain counsel. ECF No. 143 at 3; ECF No. 150 at 4.

proceeding is currently pending against him related to the service of process of the judgment-debtor examination. Id. at 4. Specifically, Bibiyan states that the process server claims she was assaulted by Bibiyan and that the case has been forwarded to the Los Angeles County District Attorney. Id. Consequently, Bibiyan requests that the Court stay the examination until the criminal proceeding is resolved. Id. Bibiyan also contends Plaintiffs' document requests for the examination are overbroad and unduly burdensome, and requests that the Court issue a protective order limiting the scope of Plaintiffs' requests. Id. at 8. Plaintiffs filed an opposition on October 9, 2013. ECF No. 183. Plaintiffs argue that Bibiyan's contention that there is an "impending" criminal proceeding against him is erroneous and speculative. Id. Plaintiffs also argue that Bibiyan's request for a protective order is untimely, and that Plaintiffs' document requests are proper. Id. This dispute was subsequently referred to the undersigned judge and the Court took the matter under submission pursuant to Civ.LR 7.1(d). Having reviewed Bibiyan's *ex parte* application and Plaintiffs' opposition, the Court **DENIES** the application for the reasons set forth below.

## DISCUSSION

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of parallel criminal proceedings. See Fed. Sav. & Loan Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995) (quoting Sec. & Exch. Comm'n v. Dresser Indus., 628 F.2d 1368, 1385 (D.C. Cir.), cert. denied, 449 U.S. 993 (1980)). Nonetheless, a Court may in its discretion decide to stay civil proceedings "when the interests of justice seem to require such action." Id. In deciding to stay civil proceedings, courts should consider "the particular circumstances and competing interests in the case[s]," including "the extent to which the defendant's Fifth Amendment rights are impliciated." Id. In addition, courts should consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4)

the interests of persons not parties to the civil litigation; and (5) the interests of the public in the pending civil and criminal litigation.

Id. at 325 (citing Molinaro, 889 F.2d at 903).

As an initial matter, there appears to be no pending or impending criminal proceeding against Bibiyan related to the service of process of the judgment-debtor examination. ECF No. 183 at 12-13, Decl. Geoffrey Brethen. In support of Plaintiffs' opposition, Plaintiff's counsel submitted a declaration stating that he called the Los Angeles County District Attorney's Office and was advised that no criminal charges have been brought against Bibiyan. Id. Moreover, Bibiyan's counsel acknowledges in his declaration that any case involving the service of process on Bibiyan was merely "forwarded for further review to the City Attorney's Office" and that "it takes approximately two to three (2-3) months for the City Attorney to reach any kind of decision." ECF No. 182 at 12; Decl. Hamid Soleimanian. The possibility that a criminal case *might* ensue against Bibiyan does not justify continuing the judgment-debtor examination.

Furthermore, even if there was a pending criminal case against Bibiyan, staying the judgment-debtor examination still would be inappropriate under the five-factor test set forth in Keating. First, default judgment was entered against Bibiyan over three years ago. Bibiyan has failed to make any payments toward the judgment and Plaintiffs will be prejudiced by any further delay in enforcing the judgment. Second, Bibiyan's argument that his Fifth Amendment right against self incrimination would be violated if he is forced to appear at the judgment-debtor examination is meritless because Plaintiffs have agreed not to ask Bibiyan any questions relating to the service of process incident. Third, staying the examination would be an inefficient use of judicial resources. There is no pending criminal case and whether any charges will be filed against Bibiyan is speculative. Fourth, there do not appear to be any nonparties that have an interest in the litigation. Fifth, the facts underlying the service of process incident are unrelated to the instant litigation. Accordingly, the Court **DENIES** Bibiyan's request to stay the judgment-debtor examination.

///

///

Bibiyan alternatively requests that the Court issue a protective order narrowing the scope of Plaintiffs' document requests on the grounds that they are overbroad and unduly burdensome. ECF No. 182 at 8. Specifically, Bibiyan argues that Plaintiffs' request for bank account records from the past seven years is "overreaching in time" and moves the Court to limit the requests to documents from the past one year. Id. Bibiyan further argues that he should be precluded from producing documents from financial institutions which he "no longer uses." Id. The Court is not persuaded by Bibiyan's argument. Bibiyan provides no factual or legal basis for limiting Plaintiffs' requests to one year. This case was filed six years ago and relates to conduct occurring in 2006. See ECF No. 1 at 12. Hence, Plaintiffs' requests seeking documents from the past seven years are appropriate. Moreover, Plaintiffs' document requests for old or inactive bank account records are appropriate because Plaintiffs are trying to determine whether Bibiyan has transferred or improperly disposed of any assets.

In light of Bibiyan's recalcitrance and flagrant disregard of the Court's prior orders, Bibiyan's instant *ex parte* application appears to be nothing more than a calculated effort to further protract this case and evade Plaintiffs from collecting the judgment. As Plaintiffs point out, Bibiyan filed his application at the "eleventh-hour" and also failed to meet and confer with Plaintiffs' counsel in violation of Chamber's rules. Accordingly, Bibiyan is **ORDERED** to appear for a judgment-debtor examination on **November 6, 2013** at **10:00 a.m.** in **Courtroom 1D** before Magistrate Judge Bernard G. Skomal, located at **940 Front Street, San Diego, 92101**. Bibiyan is further **ORDERED** to produce all of the documents identified in Plaintiffs' original subpoena. See ECF No. 180. Failure to appear at the judgment-debtor examination could result in the imposition of sanctions and/or the judgment-debtor being held in contempt of court.

**IT IS SO ORDERED.**

DATED: October 28, 2013

BARBARA L. MAJOR
United States Magistrate Judge